

WWW.RIVKINRADLER.COM

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ  07601-7082
T 201.287.2460 F 201.489.0495

**NANCY A. DEL PIZZO**
Partner
(201) 287-2472
nancy.delpizzo@rivkin.com

August 5, 2025

**VIA ECF**

Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Room 18D
New York, New York 10007

    Re:    *August Image, LLC v. Complex Media Holdings, LLC et al.*
                No. 24-8433 (PAE) (RWL)

Dear Magistrate Judge Lehrburger:

    We represent defendants, Complex Media, Inc. ("Complex Media"), Commerce Media Holdings, LLC ("Commerce Media"), and BuzzFeed, Inc. ("BuzzFeed") (together, "Defendants"). Pursuant to Your Honor's Individual Practices in Civil Cases, II.D. and Local Civ. R. 37.2, we are filing this letter motion requesting a conference with the Court for purposes of seeking a Protective Order. Defendants served objections regarding certain topics in Plaintiff's Fed. R. Civ. P. 30(b)(6) deposition notices to each Defendant. The parties met and conferred last week by Zoom and resolved some but not all of their disputes. Defendants seek a Protective Order as to the following topics:

**Deposition Topic No. 7**: *Past claims against Defendants regarding infringement of the copyrights of others, from where Defendants obtained the photographs at issue in those disputes, and how those disputes resolved.*

Defendants' Response: This topic is vague, indiscernible, and fails to describe the matter for deposition with reasonable particularity, is overbroad, unduly burdensome and seeks information that is neither relevant nor proportional to the case as well as information that is protected by attorney-client privilege and work product doctrine.

    Plaintiff asserted that this relates to Defendants' willful copyright infringement of a handful of photographs on social media accounts in this case. Defendants offered to produce a witness who could verify copyright infringement lawsuits that were filed against Defendants in the past year, as Plaintiff can publicly ascertain those via PACER. Plaintiff would not accept this modification.

    "Copyright infringement is "willful" if the plaintiff shows '(1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of



Hon. Robert W. Lehrburger, U.S.M.J.
August 5, 2024
Page 2 of 3

'reckless disregard' for, or 'willful blindness' to, the copyright holder's right.'" *Stokes v. MilkChocolateNYC LLC*, 681 F.Supp.3d 226, 238 (S.D.N.Y. 2023) (PAE) (RWL) (on default judgment).

In copyright infringement cases where the infringement occurred on media owned and operated by the defendant, a court may review "prior lawsuits regarding similar practices…" *See, e.g., Mango v. BuzzFeed, Inc*., 356 F.Supp.3d 368, 375 (S.D.N.Y. 2019). However, courts are careful to determine that such a fishing expedition is unwarranted and not relevant to willfulness where none of those actions involved the same parties, when they were not decided on the merits, and when they exist because a defendant was a plaintiffs' firm target. Based on the foregoing, Defendants believe its offer to limit this topic is reasonable.

Indeed, where willfulness is a possibility due to potential statutory damages (which is disputed here), courts have limited discovery related to "prior lawsuits" to a limited time, and typically look at whether they have been between the parties in the action or involving the same works.  Even so, the photographs in this matter were removed from the social media accounts in issue when notice of the claim was received, which negates the assertion of willfulness. *See Stokes*, 681 F.Supp.3d at 243 (on a default judgment).

Moreover, settlements are confidential communications that typically result in mutual releases of claims and no admission of guilt, and may be entered into for reasons other than the merits of a claim.  Thus, requiring preparation of a 30(b)6 witness as to any and all copyright infringement lawsuits ever filed against any Defendant, would not only be onerous and virtually impossible, but also irrelevant as such evidence would be inadmissible. Also, PACER is publicly accessible to Plaintiff who can review any copyright cases located there – including the dismissals with prejudice, such as one entered just last month as to Defendants in a case filed by the same Plaintiff's law firm. *See Richardson v. Commerce Media Holdings, LLC*, 2025 WL 1938705, No. 24-cv-4660 (PAE) (S.D.N.Y. July 15, 2025).

Moreover, as to Defendant Commerce Media, "willfulness" is neither relevant nor proportional for an additional reason. The alleged infringements occurred in 2022 and 2023 on Complex Media social media accounts – specifically on Instagram and X (formerly known as Twitter). But Commerce Media did not own or operate the Instagram and X account until 2024; thus, it did not own the assets at the time the alleged infringement occurred as reflected in documents produced in this matter. To wit, a party could not have done something "willfully" when it did not do it at all.

Finally, in a recent case where plaintiff sought discovery of the details of all copyright infringement lawsuits ever filed against defendant, the Court found the request "overbroad, unduly burdensome and [that it sought] documents that are already in the Plaintiff's possession, are readily available to Plaintiff and are a matter of public record," and allowed for discovery solely of a PACER list of lawsuits against that defendant for a relevant time period. *See Minden Pictures, Inc. v. Gizmodo Media Group LLC*, No. 1:20-cv-02116 (LGS) (D.E. 42) (Order).



Hon. Robert W. Lehrburger, U.S.M.J.
August 5, 2024
Page 3 of 3

    Accordingly, production of a witness as to BuzzFeed and its wholly owned company, Complex Media, who could authenticate copyright infringement lawsuits noted on PACER as filed against Defendants in the past year is reasonable and proportional.

**Deposition Topic No. 8**: *The operation, maintenance, and control of Defendant's websites, webpages, and social media profiles.*

Response: Defendants objected on the basis that this topic is indiscernible as to the meaning of "operation, maintenance and control of Defendant's websites, webpages, and social media profiles," and is neither relevant nor proportional to the needs of the case. Defendant Commerce Media also objected on the basis that it had no ownership interest in or operational control of any of Complex Media's assets at the time of the alleged infringement much less those in issue.

    Defendants BuzzFeed and its wholly owned subsidiary Complex Media offered to produce a witness on the operation, maintenance and control of the Complex Media Instagram and X accounts – the social media accounts that are in issue, and to produce a witness from Commerce Media who can opine on the fact that Commerce Media had no knowledge of the social media accounts in issue at the time of the alleged infringement. Plaintiff would not accept this modification.

    Plaintiff must prove (1) ownership of a valid copyright and (2) actionable copying by a defendant of a substantially similar copy of the works in issue. *Feist Publications, inc. v. Rural Tel. Srv. Co*., 499 U.S. 340 (1991). Moreover, actual damages "must bear a necessary, immediate and direct causal connection to the defendant's infringement, and a court "will not allow speculation… *Abeshouse v. Ultragraphics, Inc*., 754 F.2d 467, 470 (2d Cir. 1985).

    As Plaintiff's claims solely regard alleged unauthorized use of photographs on Complex Media's Instagram and X social media accounts, and not on any Defendants' websites or web pages, Defendants offer to produce a witness as to those social media accounts only is reasonable and proportional.

    Accordingly, we ask the Court to enter a Protective Order barring Plaintiff from seeking testimony as to Topics 7 and 8 as requested.

    We thank the Court for its time and consideration.

    Respectfully submitted,
RIVKIN RADLER LLP
*s/ Nancy A. Del Pizzo*
Nancy A. Del Pizzo

c: Counsel of Record (via ECF)
4916-3952-9305, v. 1