

Attorneys admitted in
California, New York,
Texas, Illinois, and
Colorado

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

August 7, 2025

**DELIVERED VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

        Case:  *August Image, LLC v. Commerce Media Holdings, LLC*, Case No.: 1:24-cv-08433-PAE-RWL
        Re:    Response to Defendants' Request for Pre-Motion Conference

Your Honor:

      This office represents Plaintiff August Image, LLC ("August") in the above-referenced matter. We write in response to Defendants' request for a pre-motion conference on an anticipated motion for a protective order to prevent August and its counsel from seeking certain information at deposition (Dkt. No. 42). August opposes Defendants' request and anticipated motion, as Defendants fail to show any good cause for their requested protective order which seeks to allow Defendants to unilaterally restrict the scope of discovery and evade providing plainly discoverable and relevant information.

      Defendants fail to address the strict standard for a protective order that seeks to limit the broad scope of permissible discovery, likely because they know they cannot meet it. "To the extent a party seeks a protective order under Rule 26(c), that party 'has the burden of showing that good cause exists for issuance of that order.'" *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014), quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir.2004). Such good cause only exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury," and "[t]he Second Circuit has cautioned that Rule 26(c) 'is not a blanket authorization for the court to prohibit disclosure of information whenever it deems it advisable to do so, but is rather a grant of power to impose conditions on discovery in order to prevent injury, harassment, or abuse of the court's processes.'" *Id.* at 187, internal citations omitted. Furthermore, courts are particularly reticent to grant any such protective order aimed at restricting the scope of deposition testimony because "oral depositions are typically regarded as a preferable means of discovery, [so] the arc of relevancy for a deposition is much more expansive than other discovery devices." *Banner Indus. of N.E., Inc. v. Wicks*, 2013 WL 5722812, at *5 (N.D.N.Y. Oct. 21, 2013).

      Defendants cannot show any such good cause to restrict the scope of the depositions of their 30(b)(6) representatives. Defendants do not identify any material harm, harassment, or abuse they would suffer by providing ordinary deposition testimony on the plainly relevant topics propounded by August, let alone point to any "clearly defined, specific and serious injury" they would face. They rely on little more than self-serving assertions that the topics at issue are either irrelevant or inconsistent with their version of the facts, such as who

was involved with the infringement at issue or who can be held liable or found willful—none of which justifies prohibiting August from conducting discovery into the facts relevant to those questions.[1] Defendants do not and cannot show any good cause for a protective order limiting the broad scope of discovery under Rule 26, their anticipated motion is meritless and no pre-motion conference is warranted.

Further grounds for finding Defendants' objections baseless are as follows:

**Topic No. 7:** Through this topic, Plaintiff seeks to ask Defendants about prior claims of copyright infringement made against the Defendants, including how the Defendants acquired the copyrighted works at issue in such cases and how those cases resolved. This is plainly relevant and discoverable information since a copyright plaintiff may show that infringement was willful, which is relevant to determine the amount of statutory damages available, through evidence of "prior lawsuits regarding similar practices" against the Defendants. *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374–75 (S.D.N.Y. 2019), quoting *Agence France Presse v. Morel*, 934 F. Supp. 2d 547, 570 (S.D.N.Y. 2013); see also *Marshall v. Marshall*, 2012 WL 1079550, at *25 (E.D.N.Y. Mar. 30, 2012). Thus, Defendants' involvement with prior claims of copyright infringement and Defendants' practices that gave rise to those claims relevant and discoverable areas of inquiry at deposition.

Defense counsel represented that she would only allow testimony solely as to whether a docket report showing prior lawsuits against Defendants is accurate and would instruct the witness(es) not to answer as to any further information about any prior cases. As discussed above, it is not only the existence of prior claims of copyright infringement but whether those claims involved similar practices that are relevant to willful infringement. For example, if Defendants had previously been sued for copyright infringement over similar allegations of using copyrighted photographs on their social media pages, the similarity of these practices would be relevant to Defendants' knowledge of, experience with, and processes regarding copyright in a factually analogous context evidence, all of which is further relevant to Defendants' state of mind in this case (i.e., willfulness) with respect to their use of August's photographs.

Defendants admit that information on prior allegations of copyright infringement is relevant but still implore the Court to prohibit August from asking about such allegations at deposition, claiming without any supporting authority that courts advise only allowing inquiries into claims from a limited time period or to actions involving the same parties. Not so. Courts regularly acknowledge the relevance of copyright claims going back numerous years and involving unrelated plaintiffs as relevant for establishing willfulness. *See, e.g.*, *Viacom Int'l Inc. v. Fanzine Int'l, Inc.*, 2001 WL 930248, at *3–4 (S.D.N.Y. Aug. 16, 2001) (finding willful infringement where the defendant has been sued "at least two other times for copyright infringement within a span of one year" by two different plaintiffs unrelated to the plaintiff in the present suit); *see also Lauratex Textile Corp. v. Allton Knitting Mills Inc.*, 517 F. Supp. 900, 903 (S.D.N.Y. 1981) (finding willful infringement where the defendant "through other of his corporations, has been a defendant to copyright infringement suits brought by converters ten times (including this action) in the last five years.") There is no basis for Defendants' conjecture that only prior claims for infringement from a limited time period or involving August are relevant.

Defendants' opining on the confidentiality of settlements is in part a moot point and, beyond that, meritless. It is moot because August's counsel already clarified at the parties' meet and confer that it would not seek the confidential terms of any prior settlement agreements. And it is meritless because beyond those specific confidential terms, the facts of how prior claims were resolved are certainly discoverable and relevant.

---

[1] I addressed with Defendants' counsel at our meet and confer that any objections regarding the relevance of specific questions would properly be addressed simply by objecting on the record at deposition. Defense counsel did not agree and indicated that she would instead either move for a protective order to prevent these questions altogether or instruct the witness not to answer any questions which she considered irrelevant.

*See Lauratex* 517 F. Supp, at 903 (specifically noting when finding willfulness that "Five of those actions were settled, two are still pending and two resulted in judgments in favor of the plaintiffs.")

Nor can Defendants refuse to provide information relevant to establishing willfulness by simply asserting that they did not willfully infringe. Defendants argue that because they believe their eventual removal of the infringing uses at issue is evidence against a finding of willfulness, this would "negate" any evidence of willfulness so August should not even be allowed to seek such evidence. Of course, a party's self-serving, subjective belief in the merits of their case does not define the scope of discovery. Rather, the purpose of discovery is to allow the parties to gather evidence relevant to their claims, so they can later argue the weight and merits of that evidence to the Court or the jury. Defendants' attempt to upend that puts the cart before the horse.[2] Defendants' argument that August should be precluded from asking about potential evidence of willfulness because they claim to have competing evidence is both baseless and contrary to the discovery rules.

**Topic 8:** Through this topic, August seeks very basically to ask Defendants about their own businesses and how they operate, as well as their history given that each Defendants' ownership and operation of certain websites and subsidiaries is undisputedly relevant to this case. Defendants again, based on bald objections of relevance, claim they should not have to testify on any aspect of their businesses beyond their Instagram and Twitter accounts, and that Commerce Media's representative would testify only that they did not own Complex or its assets at the time of the infringement, which is not the topic at hand. Not only do these bare objections of relevance not provide any good cause to restrict the scope of discovery, as discussed above, but there is no basis to claim that no information about the Defendants beyond the operation of their social media is relevant here.

Information on Defendants' websites and companies beyond social media is certainly relevant as Complex's social media connects with its website and web pages and this is a basis for showing August's damages in the form of revenues from said website and the commerciality of Defendants' infringement. *See Shihab v. Source Digital, Inc.*, No. 23CV7266 (DLC), 2024 WL 3461351, at *5 (S.D.N.Y. July 18, 2024) (holding in the copyright context that "Source's Instagram page is linked to its for-profit website and is used for promotion and marketing. The defendant is a commercial enterprise, seeking to profit from the revenue that accrues to Source Magazine and its website."). And there has already been evidence produced regarding Defendants' websites, internal policies regarding intellectual property usage, and the transfers of ownership and assets regarding Complex between these three companies which go well beyond the Complex social media pages. Defendants cannot unilaterally refuse to testify about any of this based on bald relevance objections. Indeed, Defendants have denied requests for admissions regarding their ownership, operation, or control of websites and social media pages that Defendants' own terms of use represent they own, operate, and control. There is no good cause to prohibit August from probing the same.

Defendants fail to identify any good cause for a protective order that would prohibit August from asking about readily discoverable information based solely on basic relevance objections which could and should be raised at deposition, not through a protective order limiting the scope of discovery, nor can Defendants justify such an order by arguing that August should be restricted from seeking evidence Defendants admit is relevant to willfulness simply because Defendants believe they will ultimately prove themselves non-willful. Defendants fail to provide any reasonable basis for their anticipated motion, and their request should be denied.

We thank Your Honor for your attention to this matter.

---

[2] Moreover, the only case Defendants cite in support of their claim that removing the infringement at issue somehow negates other evidence of infringement, *Stokes v. MilkChocolateNYC LLC*, says nothing of the sort and concerns a defendant who did *not* remove the infringement at issue. *See* 681 F. Supp. 3d 226, 240 (S.D.N.Y. 2023).

      Respectfully submitted,

By:  */s/ David M.S. Jenkins*
   David M.S. Jenkins
   DONIGER / BURROUGHS
   For the Plaintiff