

Attorneys admitted in
California, New York,
Texas, Illinois, and
Colorado

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

August 12, 2025

**DELIVERED VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

      Case:  *August Image, LLC v. Commerce Media Holdings, LLC*, Case No.: 1:24-cv-08433-PAE-RWL
      Re:     Response to Defendants' Request for Pre-Motion Conference

Your Honor:

      This office represents Plaintiff August Image, LLC ("August") in the above-referenced matter. We write in response to Defendants' request for a pre-motion conference on an anticipated motion for an order compelling certain discovery from August. (Dkt. No. 43). August opposes Defendants' request and anticipated motion, as Defendants anticipated motion is without merit and primaly seeks an order compelling documents and information August has already agreed to provide or confirmed it does not have.

      **Interrogatory No. 5, Requests for Production Nos. 21 and 22:** Defendants' request to compel production in response to the above interrogatory and requests for production is moot because it is a non-issue. August has already agreed to provide a supplemental response to Interrogatory No. 5, agreed to produce documents in response to Request for Production No. 22, and confirmed that it has no responsive documents to Request No. 21 within its possession, custody, or control. Defendants are thus taking up the parties' and this Court's time and resources seemingly just to order August to produce information and documents that August already committed to producing (or searched for and confirmed it does not have). To the extent that Defendants' order regarding Request No. 22 is based on the timing of responsive documents to Request No. 22, Defendants offer no explanation for how or why the timing of August's forthcoming document production somehow justifies an order. Thus, Defendants' anticipated motion to compel further responses or documents to the above is unwarranted.[1]

---

[1] Defendants also misstate the law, as they are wrong in both their assertions that some inaccuracy regarding the publication dates would invalidate the copyright registrations or that Defendants or the Court need not give credence to the facts stated within those registrations. It is foundational to copyright law that "[u]nder the Copyright Act of 1976, a copyright registration creates a rebuttable presumption that the copyright is valid," and "the burden shifts to the Defendants" to prove that the registration is invalid. *JBrick, LLC v. Chazak Kinder, Inc.*, No. 21CV02883HGRLM, 2023 WL 6158694, at *2 (E.D.N.Y. Sept. 21, 2023), citing *Fonar Corp. v. Domenick*, 105 F.3d 99, 104 (2d Cir. 1997). But even if a defendant can prove that a registration contains an

**Interrogatory No. 6:** Defendants largely ignore, and do not dispute, that this interrogatory fails to comply with S.D.N.Y. Local Rule 33.3. Through this interrogatory, Defendants demand that August "[i]dentify with specificity Plaintiff's practices in protecting, monitoring, and enforcing its alleged rights in the alleged infringed photographs." This does not fall within the express limits of Rule 33.3, "which requires that interrogatories be limited to 'seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents.'" *Trilegiant Corp. v. Sitel Corp.*, 272 F.R.D. 360, 367 (S.D.N.Y. 2010), citing S. & E.D.N.Y.R. 33.3(a). This rule exists to prevent interrogatories exactly such as this, which "'involve potentially 'long narrative explanations' that ... would be more practically discoverable through ... deposition testimony,'" which the propounding party "can more efficiently obtain answers to these questions by deposing a 30(b)(6) witness." *CG3 Media, LLC v. Belleau Techs., LLC*, No. 1:21-CV-04607-MKV, 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022) (internal citations omitted). This interrogatory would plainly require a narrative response detailing any such protection or enforcement efforts that August undertakes, which should be sought at deposition and not through initial interrogatory requests per Rule 33.3. August's counsel explained this at the parties' meet and confer, and Defendants have still failed to provide any explanation for how this interrogatory either complies with Rule 33.3 or would not be better asked at the depositions of August's representatives, which Defendants have already noticed. August thus properly objected that this interrogatory violates Rule 33.3 and requires no further response. Defendants are free to seek this information at deposition, and no order to compel in advance of said deposition is warranted.

**Requests for Production Nos. 23, 33, 44-47, 57, 60, and 82:** Defendants anticipated motion to compel a further representation on August's intention to produce documents to these requests cannot be well taken as August has repeatedly provided this information to Defendants. Federal Rule 34 dictates that responses to requests for production "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." FRCP 34(b)(2)(B). Accordingly, August responded to each of Defendants' requests by either stating that it would produce responsive documents to that request or by stating with specificity its objections to that request and not committing to produce documents. Defendants objected to this, claiming they were unable to discern whether August agreed to produce documents in response to the requests where August responded with objections-only responses. When the parties met and conferred, August's counsel clarified that wherever August did not explicitly state in response to a request that it intended to produce responsive documents and instead only stated its objections, it was standing on those objections and not agreeing to produce documents. August's counsel also confirmed this again in writing in an email to Defendants' counsel on July 9. August has thus repeatedly informed Defendants that it is standing on its objections to the above requests and is not agreeing to produce

---

inaccuracy, it does not invalidate the registration. Rather, it is only invalid "if the owner included an inaccuracy "with knowledge" and the inaccuracy "would have caused the Register of Copyrights to refuse registration." *Gaffney v. Muhammad Ali Enters. LLC*, No. 18CIV8770GBDOTW, 2022 WL 4095953, at *4 (S.D.N.Y. Sept. 7, 2022); see also And the Ninth Circuit held that this ruling confirmed *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1067 (9th Cir. 2022), citing *Unicolors, Inc. v. H&M Hennes & Mauritz, L. P.*, 595 U.S. 178, 184–87, 142 S. Ct. 941, 946–48, 211 L. Ed. 2d 586 (2022)(holding that that a registration is only invalid "if the registrant perpetrated fraud on the Copyright Office by knowingly misrepresenting material facts.") Thus, even if Defendants had any basis to claim there was an inaccuracy in the copyright registrations at issue (they do not), it would have no effect on validity unless Defendants could also prove that the registrants defrauded the Copyright Office. Nor do Defendants' claims about August's need or ability to "correct" those registrations have any bearing as no such corrections are needed here and the cases Defendants' cite concern only Defendants who failed to register the works they brought suit over, not amending publication information.

documents in response to them at this time, and it is frankly unclear why Defendants are now demanding that the parties and the Court spend time and resources seeking to compel another confirmation of this same information.

Defendants' anticipated motion to compel thus almost entirely seeks information and documents which August has either already provided, already agreed to provide, or has confirmed it does not have. The only other information it seeks to compel is an answer to an interrogatory seeking a long, narrative response that fails to comply with Local Rule 33.3, and which should properly be sought at deposition and not through a motion to compel. Defendants' anticipated motion is thus meritless.

        Respectfully submitted,

By: */s/ David M.S. Jenkins*
David M.S. Jenkins
DONIGER / BURROUGHS
For the Plaintiff