

Attorneys admitted in
California, New York,
Texas, Illinois, and
Colorado

Sender's contact:
djenkins@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

August 13, 2025

**DELIVERED VIA ECF**

Honorable Robert W. Lehrburger
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 18D
New York, NY 10007-1312

   Case: *August Image, LLC v. Commerce Media Holdings, LLC*, Case No.: 1:24-cv-08433-PAE-RWL
   Re: Response to Defendants' Request for Pre-Motion Conference on Extension of Discovery

Your Honor:

  This office represents Plaintiff August Image, LLC ("August") in the above-referenced matter. We write in response to Defendants' request for a pre-motion conference on an anticipated motion to extend fact discovery by three months and requesting alternative service via email on certain third parties or otherwise that August be ordered to produce these third parties (Dkt. No. 45). August opposes Defendants' proposed three-month extension to fact discovery. There is no need, nor have Defendants' shown good cause, for such an extensive delay in the prosecution of this case, particularly where August offered a 30-day extension to the current discovery deadline of September 30th and there has been no showing that Defendants have been diligent or that they cannot obtain the non-party discovery they seek by September 30 (much less October 31).

  As an initial matter, Defendants' request that the Court order August to produce the non-party photographers who created the photographs at issue in this case, as well as non-party ImageRights International Inc. ("ImageRights"), is so wrong it would only serve to set August up to be sanctioned. As has been repeatedly explained to Defendants, neither the photographers nor ImageRights are officers, directors, or managing agents of August—as tacitly acknowledged by Defendants, as they issued subpoenas, not deposition notices, to the photographers (as of yesterday, Defendants also issued a notice of subpoena to ImageRights). Neither the photographers nor ImageRights are employees, independent contractors, consultants, or advisors for August; they hold no positions with August and are not part of August's organizational or ownership structure; they are not (nor do or can they act as) agents for August; they have no authority or power to exercise judgment or discretion in August's corporate matters, no (and cannot exercise any) managerial control over August's affairs (including this litigation), no management responsibilities with respect to August's business, no authority to act on August's behalf, and no authority to enter into contracts on August's behalf or bind August; they do not perform any day-to-day services for August; and they cannot testify on August's behalf. August is not their registered agent for service of process and has no contractual obligation to accept subpoenas on their behalf. Defendants offer no argument or evidence to the contrary. And the relief Defendant seeks, apparently intentionally, sets August up to be sanctioned. If the Court grants the relief Defendants seek and the photographers or ImageRights fail to appear, August—even though it cannot compel them to appear—will face

evidentiary sanctions or dismissal for non-appearances it had no ability to control. Defendants cannot shift the blame for their own failure to timely conduct discovery by requesting relief that is not only baseless but would be fundamentally unfair and unduly prejudicial to August.

Defendants also fail to justify their request to modify the current schedule to delay the close of fact discovery, and thus all subsequent deadlines and dates, by three months. Under Federal Rule 16, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Inquiry into good cause "is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012), citing *Kassner v. 2nd Ave. Delicatessen*, 496 F.3d 229, 244 (2d Cir. 2007). And "[t]he burden of demonstrating good cause rests with the movant." *Id.*, citing *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009). Defendants fail to prove they have exercised any such diligence in abiding by the current schedule, and certainly not such diligence as would justify a massive modification of the current schedule by three months.

To be sure, Defendants' requested extension, which would nearly double the length of discovery, arises only from Defendants' failure to act with reasonable diligence in contacting, locating, or serving the third parties they asserted they intended to subpoena as early as March. The parties discussed Defendants' likelihood of subpoenaing the photographers at the initial conference in this matter, and August has at all times cooperated with Defendants' requests for information regarding those photographers. It identified each photographer and produced its agreements with them before formal discovery even began, identified them and ImageRights again in its initial disclosures served on April 7, and provided its most up to date contact information for those photographers, including physical addresses and phone numbers, in its responses to Defendants' request for same in their initial interrogatories, which August timely served on May 30. When the parties met and conferred over these responses, Defendants raised no issue with the information provided.

Defendants first issued notices of subpoenas to the non-party photographers on July 25, apparently failing to do anything to contact the photographers up to that point and failing again to do anything to serve or locate them for more than two months after receiving contact information from August (the photographers of course also have publicly available contact information). Then, this month, Defendants complained to August—for the first time—that it had not yet successfully served the photographers, and demanded updated addresses for each. August double checked its information and, for one of the three photographers, learned that the physical address had changed. That same day, August provided that updated address to Defendants. To date, Defendants have not provided any evidence of their attempts at service or the basis for their alleged claims that these addresses are "inaccurate." And in any event, August has provided the most up-to-date physical addresses and phone numbers it has for these non-party photographers, as required by Rule 26.

Defendants failed to act with any diligence in serving these third parties for months (indeed Defendants have apparently failed even to try using the phone numbers provided for each photographer and have only now confirmed that they took any effort to locate email addresses for them), and their failure to thus far serve their subpoenas on the photographers is not August's fault. Even still, August agreed to stipulate to a 30-day extension to fact discovery in the interest of avoiding the need for judicial intervention, but Defendants nonetheless proceeded with requesting that the time for fact discovery be nearly doubled. There is no cause for such a massive delay in the prosecution of this case to make up for Defendants' own dilatory discovery efforts.

Defendants' claim that it needed to wait to make any effort to contact or serve the photographers based on some failure by August to confirm what documents it needed to seek from the photographers is not only meritless, it proves too much. It proves too much because, by their own admission, Defendants sat on their hands, the exact opposite of what constitutes good cause under Rule 16. And it is meritless because, as

discussed, Defendants signaled as early as March that they intended to depose and subpoena these photographers, well before formal discovery began, and thus have known all along that they intended to subpoena regardless of Augusts' discovery responses. Defendants received August's agency agreements with the photographers in the first week of April, which list the photographers' websites and email addresses (in addition to physical addresses and phone numbers). And the documents in question—notably, communications and agreements between the photographers and specifically parties "other than [August]"—are, by their own terms, seeking documents in the possession, custody, or control of non-parties, not August, that Defendants obviously should have sought (and can still seek) from the photographers themselves. When the parties met and conferred, August further confirmed that these were documents the photographers would reasonably have. Defendants thus cannot shift the blame for their failure to act with diligence in discovery simply because they elected to serve documents requests on August that it could have and should have served to the photographers.

Likewise, Defendants' pending requests for pre-motion conferences do not justify a three-month extension of fact discovery. First, there are more than 30-days left in fact discovery, and the parties have already stipulated to an additional 30 days on top of that. This is ample time to address any such motions. Second, as discussed in August's other responses letters, Complex's anticipated motions are meritless, including a request for a protective order allowing Defendants to refuse to give deposition testimony based on little more than basic relevancy objections despite the plain and even admitted relevance of those topics, and a motion to compel that primarily seeks to compel documents and information August has already provided, agreed to provide, or confirmed it does not have. Defendants' thus cannot manufacture a justification for a three-month delay in this case through its own baseless anticipated motions.

August also opposes Defendants' separate anticipated motion for leave to use alternative service, as they have neither proved that they made sufficient attempts at service by ordinarily permissible means nor that court intervention is required here. Defendants have done nothing to evidence the required diligence in making ordinary attempts at service required for such relief. Although Defendants make conclusory statements about attempts by their process server in their letter, they have not provided any evidence of these efforts, such as affidavits of non-service. Even if Defendants' claims are taken at face value, they indisputably waited for months to begin attempting service and have not even claimed to have attempted any other means of serving or contacting the photographers, such as through the phone numbers that August provided, through their readily available email addresses which Defendant confirmed they easily found online, or mailing service to the addresses August provided.[1] Because have Defendants have failed to present any evidence they have exercised due diligence in serving or contacting the photographers by ordinary means, there is no basis to grant leave for alternative service.

Respectfully submitted,

By: /s/ David M.S. Jenkins
David M.S. Jenkins
DONIGER / BURROUGHS
For the Plaintiff

---

[1] Defendants also opine about their use of skip tracing, but this cannot be well taken. As discussed, Defendants received the photographers phone numbers months ago and never sought their email addresses until just before filing their letter. Defendants could have easily tried to contact the photographers to confirm their addresses but neglected to. The costs they have now chosen to incur instead are not good cause to forgo the proper avenues for service.