UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AUGUST IMAGE, LLC,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　24-CV-8433 (PAE) (RWL)
　　　　　　　　　　　Plaintiff,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　- against -　　　　　　　　　　　　　:　　**ORDER**
　　　　　　　　　　　　　　　　　　　　　　　　:
COMMERCE MEDIA HOLDINGS, LLC, et al.,　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　　:
------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

　　　　This order addresses the various discovery issues raised by the parties at Dkts. 42-50. The requests for conferences are denied as the Court has sufficient information to resolve the issues based on the parties' written submissions.

　　　　1.　　**Plaintiff's 30(b)(6) notices to Defendants, Topics 7 and 8 (Dkts. 42, 44):** Defendants' request for a protective order is granted in part. As posed, Topics 7 and 8 are overly broad and not proportional to the needs of the case. Topic 7 shall be limited to questions concerning prior lawsuits involving Defendants' use of copyrighted photographs on their social media pages during the last five years. Topic 8 shall be limited to operation, maintenance, and control of the Complex Media Instagram and X accounts (the "Accounts"), and any other of Defendants' websites, webpages, and social media profiles that had links to or from the Accounts but limited to the time frame during which the images at issue were posted on the Accounts.

　　　　2.　　**Plaintiff's Responses to Defendant's Document Requests and Interrogatories (Dkts. 43, 46):** On August 12, 2025, Plaintiff represented that it agreed

1

to supplement its response to Interrogatory 5 and to produce documents in response to Defendants' RFPs 21 and 22 to the extent within its possession, custody or control, thus rendering moot the purported dispute with respect to those items. Defendants have not advised otherwise. Accordingly, the motion to compel with respect to those items is denied without prejudice. Plaintiff's objection to Interrogatory 6 as violative of Local Rule 33.3 is sustained. With respect to Defendants' RFP's 23, 33, 44-47, 57, 60, and 82, Plaintiff represents that it is in fact withholding documents based on the specific objections it has asserted. (Dkt. 46 at 2.) Based on that representation, Defendants' motion to compel Plaintiff to amend its responses to those RFPs is denied.

    3. **Defendants' Response to Plaintiff's RFP 18 (Dkts. 48, 49):** Plaintiff's motion to compel is granted in part. To the extent they have not done so, Defendants shall produce the documents requested in Plaintiff's RFP 18 (i.e., documents sufficient to show certain financial information for a particular time frame) with respect to Defendants' Instagram and X accounts on which the allegedly infringing photographs appeared. The motion to compel is denied to the extent it seeks financial information for all of Defendants' websites and webpages.

    4. **Documents About The Photographs (Dkts. 48, 49):** Plaintiff's motion to compel is granted in part. To the extent they have not already done so, Defendants shall produce, to the extent in their possession, custody, or control (i) documents showing how or from where Defendants obtained the photographs at issue, (ii) documents showing the first dates on which the photographs appeared on Defendants' social media pages or websites, (iii) exemplars of any of Defendants' media which displayed the photographs, and (iv) documents reflecting distribution of the photographs on Defendants' social media pages. Defendants represent, however, that they do not possess, control, or have

custody of some or all of those materials. Plaintiff can test those representations via deposition.

5. **Defendants' Responses to Plaintiff's Requests For Admission 43-48 (Dkts. 48, 49):** Plaintiff challenges Defendants denials of Plaintiff's RFAs 43-48, which address questions of ownership, and accuses Defendants of bad faith. Defendants have explained the basis for their responses. (Dkt. 49 at 3.) If Defendants' denials prove untrue, then Plaintiff will be able to seek costs and/or other relief as permitted by the Federal Rules of Civil Procedure. The Court has no basis at this juncture, however, to compel Defendants to change their answers. Accordingly, Plaintiff's motion to compel supplemental responses to RFAs 43-48 is denied.

6. **Extension of Discovery (Dkts. 45, 47):** Defendants' request for an extension of fact discovery is granted in part. It is apparent to the Court that an extension is warranted, although not as lengthy as requested by Defendants, based on the current state of discovery and disputed issues. The Court grants a two-month extension of discovery. Accordingly, Fact discovery shall be completed by **November 30, 2025**. Subsequent dates shall be extended commensurately.

7. **Substitute Service on Photographers (Dkt. 45, 47, 50):** Defendants' request for substitute service via email on third-party photographers Kim, Schoeller, and Lubomirski is granted. The Court finds that Defendants have sufficiently demonstrated diligent but unsuccessful attempts to serve each photographer. Defendants' request to compel Plaintiff to "produce" the photographers is denied for the reasons substantially as set forth by Plaintiff.

The Clerk of Court is respectfully directed to terminate the letter motions at Dkts. 42-50.

3

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2025
       New York, New York

Copies transmitted this date to all counsel of record.